Evans, J.,
delivered the opinion of the Court.
This case is to be taken in connection with the case of Hugh Blair & Co., vs. M. Thomas,* and reference is made to-that case for the facts connected with this. The monejr which the sheriff was ordered to be attached for not paying-over, arose from the sale of Aitken’s property under the plaintiff’s execution: before the sale, but after the lodging the fi. fa., sundry attachments were levied on the same property, and there was a controversy among Aitken’s creditors who should be paid. The 'sheriff declined paying over the proceeds of the sale, because certain proceedings were pending, and still are, both in the Court of Equity *294 and in the Court of Common Pleas to set aside as fraudulent, the plaintiff’s judgment and execution. The end of those proceedings would be to a great extent defeated, should the plaintiff, who resides in Pennsylvania, get possession of the money. There was no injunction or order impounding the money -in the sheriff’s bands, but be bad notice of the proceedings, and the bill prayed an injunction against him, both at law and in equity. Under these circumstances, ought the sheriff to be attached for a contempt, because be has not paid over the money to the plaintiff? It is altogether a mistake to suppose that the Court will, on a rule against the sheriff, settle a complex question of who is entitled to the money in the sheriff’s bands. The rights of parties not before the Court are not affected by the decision; the sheriff must pay the money at bis peril to those who are legally entitled; and it is no protection to him, if be pays it wrongfully, that be was ordered to be attached unless be paid the money. He who is legally entitled, and was no party before the Court, may recover in an. action, notwithstanding the order; as was settled in Atkinson vs. Durant, 2 Bailey, 18: by refusing the attachment the Court does not decide that the party is not entitled to the money; it merely refuses to punish the sheriff by imprisonment. The party is left to bis remedy by action, which is very ample, and subjects the sheriff to the payment of- fifty per cent, over and above the plaintiff’s demand, if he does not pay within ten days after it is demanded. Upon the facts stated, this Court is of opinion there was no sufficient reason to punish the sheriff by attachment, and a motion to reverse the decision of the Circuit Court is granted.

 See preceding page.